## WOODWORTH v BANNING et

Ohio Appeals, 1st Dist, Hamilton Co

No 4055. Decided May 3, 1932

ROSS, PJ.

Davies, Hoover & Beall, Cincinnati, for plaintiff in error.

Wm. J. Reilly, Cincinnati, for defendant in error, Leland G. Banning.

It was the contention of the demurring defendants, in the prior hearing, that the amended petition attempted to set up a resulting trust against Paxton and alleged

fraud on his part, and that any cause of action was barred by the four year statute of limitations. This court in its opinion, reported in 29 **Oh Ap**, page 81, (6 Abs 722), laid down the law of the case and is conclusive upon all questions now presented by this proceeding. We quote from the opinion at page 87:

"So that while the charge in the amended petition that the conveyance from Paxton to Banning was with knowledge on the part of both Paxton and Banning of Woodworth's interest in the property, and that Paxton held the title as security or as an equitable mortgage, in terms charged fraud, it in fact charges that Banning holds only the title that Paxton held, that of mortgagee."

The fact that the plaintiff in error may have settled with Paxton after the transfer to Banning can in no way discharge her from responsibility to account to Banning for the claim he purchased from Paxton, and it was only the interest created by the equitable mortgage that Banning could purchase from Paxton. This claim in full he is entitled to have paid, but when payment of it is tendered, he must convey the property to the plaintiff in error just as Paxton was bound to do under his agreement with Anna Moore.

Naturally the matter having been presented to this court in each case upon error to actions of the trial court upon demurrers, the cases of the plaintiff in error must be predicated upon substantiation of the facts alleged in her amended and supplemental petition by the amount of proof required by law in such cases.

In the consideration of the case in its present form, the facts alleged in the pleadings of plaintiff in error must be taken as true.

We conclude, therefore, that the demurrer to the amended and supplemental petition should have been overruled. To hold otherwise would be a subversion of justice, according to the allegations of the pleadings of the plaintiff in error. Banning knew all of the facts and circumstances surrounding the original transaction between Anna Moore and Thomas Paxton. He took the title to the property with full knowledge of the equities existing in favor of Anna Moore. While he will be protected to the full extent of Paxton's claim against Anna Moore, he is protected only to such extent and must convey the property to such person as lawfully holds title under her upon tender of the amount due Paxton.

The judgment of the Court of Common Pleas of Hamilton County is reversed, and the cause is remanded to that court for further proceedings according to law.

HAMILTON and CUSHING, JJ, concur.